(94 South. 902)

No. 24390.

## MACHEN v. STANDARD OIL CO. OF LOUISIANA.

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

Explosives ⬤�center9—Evidence held to show no delivery of gasoline, instead of coal oil, by seller.·

In action for damages from fire, claimed to have been caused by explosion of gasoline negligently delivered by seller in place of coal oil, evidence *held* to show that coal oil was delivered and that the fire resulted from the negligence of plaintiff's employee in attempting to fill a lighted lamp with coal oil.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Action by Mrs. Maude Machen against the Standard Oil Company of Louisiana. From a judgment for defendant, plaintiff appeals. Affirmed.

John H. Mathews, of Alexandria (Henry Bernstein, of. Monroe, of counsel), for appellant.

Hunter C. Leake and Arthur A. Moreno, both of New Orleans, and J. J. Peters, Jr., of Shreveport, for appellee.

By the WHOLE COURT.

LAND, J. On February 12, 1920, the fixtures, groceries, goods, and clothing belonging to plaintiff and her minor child, and contained in a restaurant operated by plaintiff in the town of Winnfield, were destroyed by fire.

Plaintiff sues to recover the value of these articles, alleging that said fire originated from the explosion of the coal oil lamp of a coffee urn, owned and used by her at her place of business; the lamp being used for heating coffee.

Petitioner alleges that this explosion was caused by the negligence of defendant company and of J. R. Gibbs, its sales agent, in delivering to her an unlabeled, closed can of gasoline, instead of a five-gallon can of coal oil ordered by her from said company, and that the explosion occurred while one of her employees was pouring oil from said can into the lamp of the coffee urn, instantaneously setting fire to the restaurant building and its contents.

Defendant company denies that it delivered to plaintiff any gasoline instead of any other oil ordered by plaintiff, and denies the negligence charged.

The testimony as to whether the oil delivered to plaintiff at her place of business was coal oil or gasoline is conflicting; but, in our opinion, there are certain physical facts in this case, which strongly corroborate the defense that the oil received from defendant company by plaintiff was coal oil, as ordered by her.

The driver of defendant company testifies that he delivered five gallons of coal oil to plaintiff in the afternoon of February 11, 1920, pouring this oil into a five-gallon can on the rear porch of the place where plaintiff conducted her restaurant. It is admitted that the can into which this oil was poured was the property of plaintiff, having been purchased by her husband prior to his death. Plaintiff's cook testifies that it was a part of his duty to fill the lamp of the coffee urn twice a day, and that on the afternoon of February 11, 1920, he had purchased a gallon of coal oil at Mr. Hyde's store, which he used in filling this lamp, and which did not hold quite a gallon of oil.

The next morning, February 12, 1920, the cook carried the coffee urn out on the back porch and filled it from the five-gallon can, before he lighted the lamp, which, when lighted, burned without accident until in the afternoon, when the cook, using a gallon measure, filled the lamp again while it was lighted, the wick being turned low, when the lamp became ignited on the outside and blaz-

ed up suddenly. The cook tore off his apron and seized the lamp to carry it out, and, when he stepped back with the lamp, he knocked over the gallon can of oil setting on the floor, and then carried the lamp on out, and threw it through the kitchen door into the yard.

At the time he was filling the lamp, he was behind the lunch counter of the restaurant, and about the middle of the counter. The gallon can of oil was near him on the floor. The fire started on the outside of the lamp and around the rim of the chimney, the blaze flaring up suddenly. Burning oil was dripping from the lamp, as the cook was endeavoring to reach the rear door, forming several patches of fire on the floor, and also igniting the oil spilled on the floor from the gallon can which had been carelessly turned over by the cook in his hasty exit. The small restaurant room was aflame almost instantly. As the cook testifies that this lamp had not been filled full of oil, when it became ignited near the rim of the chimney, some oil must have been spilled negligently on the sides of the lamp near the lighted wick. No explosion of the lamp took place in the restaurant lunch room.

Gasoline is universally known and recognized as an explosive. It is a dangerous, inflammable product. When subjected to heat, it generates a gas, and ignites more readily than coal oil. Gasoline cannot be used with safety in a lamp with a wick; yet when filled the first time from this five-gallon can, the lamp of the coffee urn burned steadily for five or six hours. It was only when filled a second time, with the wick lighted, that the accident occurred. The odor of gasoline is also readily detected; yet the cook who had filled this lamp twice from this five-gallon can had not smelt any gasoline odor. Although this lamp was on fire on the outside, and drops of burning oil were dripping from it upon the floor, while the cook was carrying the lamp out of the lunch room of the restaurant, yet no explosion took place. Considering the highly explosive nature of gasoline, we are of the opinion that this lamp covered with burning oil on the outside would have exploded on the spot and instantly, had it been filled with gasoline.

The burning of the contents of the restaurant has all the earmarks of a fire originating from coal oil, which is much less explosive than gasoline. This fire clearly resulted from the negligence of an employee of plaintiff in pouring coal oil into a lighted lamp, and in turning over a gallon can of coal oil setting on the floor, and near the place where the lamp was being filled, when it caught on fire. The fact that the lamp became ignited on the outside, and that drops of burning oil fell to the floor, is proof that it was negligently filled.

Plaintiff has already collected the fire insurance amounting to $1,000 on the property for the destruction of which she has claimed full damages in the present suit. The trial judge, who saw and heard the witnesses, was of the opinion that plaintiff had failed to prove her case with reasonable legal certainty, and we concur in this view.

The judgment appealed from is therefore affirmed.

O'NIELL, J., concurs in the decree.